IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARNEZ McCORKLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-272-DWD |
| ) | |
| ) | |
| DR. BROOKHART, C/O SMITH, and ) | |
| OFFICER WEAVER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Arnez McCorkle, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center ("Lawrence"). In his Complaint (Doc. 1), Plaintiff alleges Smith used excessive force and he was denied care for his injuries. He asserts claims against the defendants under the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

McCorkle makes the following allegations in the Complaint (Doc. 1): On October 31, 2019, Correctional Officer Smith slammed the cell door on McCorkle's right foot causing a deep gash (Doc. 1, p. 6). McCorkle contends that he did nothing to warrant the attack and he did not receive a disciplinary ticket for the event. He was taken to the healthcare unit and provided treatment (*Id.*). He saw doctor Pittman the next day and was issued crutches for his injured foot (*Id.*).

On November 2, 2019 while walking down the stairs with his crutches, he was bumped by another inmate and fell down the stairs. The fall caused him to have a seizure and he passed out (*Id.*). He was taken to an outside hospital, but upon his return was placed in segregation because "Internal Affairs" believed he staged the event (*Id.* at p. 7). From November 3, 2019 until November 7, 2019, while in segregation, he was denied pain medication and care for his injured right foot (*Id.*). He wrote an emergency grievance, but Brookhart told him it was not an emergency and directed him to resubmit the grievance in the ordinary course (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Eighth Amendment excessive force claim against C/O Smith for slamming McCorkle's foot in the cell door.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Brookhart for delaying treatment for McCorkle's injury while in segregation.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

McCorkle states a viable claim for excessive force against Smith in Count 1. *See DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). He fails, however, to state a claim for deliberate indifference against Brookhart in Count 2. His Complaint alleges that he wrote an emergency grievance to Brookhart about his lack of care while in segregation but that she returned the grievance, finding the issue not an emergency, and directed him to file the grievance in the normal fashion. The mishandling or denying of grievances by those not personally involved in the underlying constitutional violation does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Here, Brookhart simply directed McCorkle to submit his grievance through the normal grievance course and found that it was not an emergency. There is no indication that she denied him medical care while in segregation. Thus, Count 2 is **DISMISSED without prejudice.**

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Further, McCorkle identifies Weaver as a defendant in the caption of the case but does not include any allegations against him in the statement of claim. He refers to "Internal Affairs" in general, but there are no allegations that Weaver personally denied him access to medical care while in segregation or was aware that he was being denied care. As such, Weaver is also **DISMISSED without prejudice**.

### Pending Motions

McCorkle filed two motions for status (Docs. 14 and 15) regarding the status of the Court's merit review. As the Court has now conducted its review of McCorkle's claims, those motions are **DENIED** as moot. To the extent McCorkle again seeks counsel (Doc. 15), his request for counsel is **DENIED** at this time. Now that the case has passed threshold review, the Court will serve Defendant Smith. Thus, there is nothing currently pending that would require counsel. Once Smith files an Answer, the Court will enter a scheduling order. If at that time, McCorkle experiences difficulties conducting discovery on his own, he may again seek counsel.

Finally, McCorkle's motion for a copy of the docket sheet (Doc. 13) is **GRANTED** and the Clerk of Court is **DIRECTED** to send McCorkle a copy of the current docket.

### Disposition

For the reasons stated above, Count 1 shall proceed against C/O Smith. Count 2 against Brookhart as well as any potential claims against Officer Weaver are **DISMISSED without prejudice.**

The Clerk of Court shall prepare for Defendant C/O Smith: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service

4

of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** November 18, 2021

_____
DAVID W. DUGAN
U.S. District Judge

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, they will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.