IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARNEZ McCORKLE, Y27282, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-272-DWD |
| ) | |
| LOGAN SMITH, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Arnez McCorkle, an inmate of the Illinois Department of Corrections (IDOC) currently incarcerated at Pontiac Correctional Center (Pontiac), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Lawrence Correctional Center (Lawrence). Plaintiff's sole claim is that Defendant Logan Smith slammed a cell door on his foot on October 31, 2019. (Docs. 1, 16). Defendant filed a Motion for Summary Judgment (Doc. 41) on the issue of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff filed a timely response. (Doc. 46). After a thorough review of the pleadings and motions, the Court concludes that Defendant's Motion should be granted in full.

### BACKGROUND

Plaintiff initiated this lawsuit by filing a complaint on March 13, 2020. (Doc. 1) Upon initial review, the Court allowed the following claims to proceed:

       Count 1:       Eighth Amendment excessive force claim against C/O Smith for slamming McCorkle's foot in the cell door.

(Doc. 16).

In the Motion for Summary Judgment, Defendant argues that although Plaintiff submitted a grievance about the door-slamming incident on November 7, 2019, he failed to fully exhaust his grievance at Lawrence before he sent it to the Administrative Review Board (ARB). (Doc. 42). On December 11, 2019, the ARB returned the grievance appeal to Plaintiff and indicated that he needed to seek a response at his facility, but he never attempted to complete exhaustion at the facility. Because he did not properly complete the grievance process, Defendant Smith argues that Plaintiff failed to exhaust his administrative remedies, and his case is subject to dismissal.

In response, Plaintiff agrees that he submitted a grievance to the first level of review at the facility, and then he sent it to the ARB, but he states that he did not understand that he had to send his grievance to Lawrence's grievance officer before appealing to the ARB. (Doc. 46). Plaintiff also argues that without the benefit of a lawyer he does not understand these proceedings, he has not had access to a law library, and he believes that the litigation process has taken longer than it should.

## FINDINGS OF FACT

The parties agree that there is only one grievance relevant to the allegations in this case. That grievance is the November 7, 2019 grievance that Plaintiff filed at Lawrence. (Doc. 46 at 4-7). On November 25, 2019, Plaintiff's counselor responded. On December 6, 2019, the ARB received Plaintiff's appeal of the November 7th grievance, and on

December 11th they responded that Plaintiff needed to provide responses to his grievance from the facility including the grievance officer and the Chief Administrative Officer. (Doc. 46 at 3).

## CONCLUSIONS OF LAW

A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). The court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal. *See e.g.*, *Walker v. Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021); *Miller v. Wexford Health Source, Inc.*, 2017 WL 951399 *2 (S.D. Ill. 2017).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take

each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. A prisoner's own failure to understand the grievance procedure is not a valid excuse for failing to properly exhaust administrative remedies. *Twitty v. McCoskey*, 226 Fed. App'x 594, 596 (7th Cir. 2007).

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). The regulations first require an inmate to file his grievance with his counselor within 60 days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). Administrative regulations require the grievance "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). If the complaint is not resolved through the counselor, the grievance may be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the Chief Administrative Officer (CAO). 20 ILL. ADMIN. CODE § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.*

If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the Administrative Review Board (ARB). 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days of the date of the CAO's decision. *Id.* The inmate must attach copies of the responses from the grievance officer and CAO to his appeal. *Id.* The ARB submits a written report of its findings and

recommendations to the Director, who them makes a final determination. 20 ILL. ADMIN. CODE § 504.850(d), (e).

B.  Analysis

Plaintiff has plainly failed to exhaust his administrative remedies, because he did not appeal his counselor's response to the grievance officer or to the Chief Administrative Officer at Lawrence. The incident in question happened on October 31, 2019, and by December 11, 2019, the ARB had rejected Plaintiff's appeal for his failure to fully exhaust the matter at the facility. Plaintiff contends in his response to the Defendant's Motion for Summary Judgment that he did not understand that he had to exhaust his grievance at the facility level, but a misunderstanding of the available procedures is not an excuse. *See Twitty*, 226 Fed. App'x at 596. Furthermore, Plaintiff got a response from the ARB less than sixty days from when the incident occurred, so he would have had time to start an entirely new grievance and to exhaust it within the relevant timeframe. Based on the undisputed evidence, Plaintiff failed to exhaust his grievance at Lawrence, so this case must be dismissed for failure to exhaust administrative remedies.

Plaintiff's contentions about his desire for a lawyer, and the speed of the litigation do not change the above analysis. Civil litigants are not entitled to counsel, and many individuals are required to litigate civil matters on their own behalf. Plaintiff did an adequate job filing a complaint, and responding to the Defendant's Motion for Summary Judgment, but he will not prevail because he failed to exhaust his claims at the facility level. This ruling is based solely on Plaintiff's failure to follow administrative procedures,

as are required by the PLRA, and it has nothing to do with the merits of any underlying claim.

## DISPOSITION

The Motion for Summary Judgment on the issue of exhaustion filed by Defendant Smith (Doc. 42) is **GRANTED**.  Plaintiff's claim against Smith is **DISMISSED** without prejudice for failure to exhaust.  The Clerk of Court is **DIRECTED** to enter judgment in defendant's favor, and to close this case.

**IT IS SO ORDERED.**

Dated: September 30, 2022

_____
DAVID W. DUGAN
United States District Judge